UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMILIO JOSE SAENZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:08CV182 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], filed on February 5, 2008. Pursuant to this Court's Orders, the government has responded to the motion. For the reasons set forth below, the Motion is denied without a hearing.

## Facts and Background

Movant was charged in an indictment with conspiracy to distribute and possess with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Movant proceeded to trial from March 22, 2006 through March 27, 2006. Respondent has provided the factual background leading up to Movant's trial in its response. Movant was found guilty with a special finding that the amount involved in the offense was more than 5 kilograms of cocaine. Movant was sentenced to a term of two hundred ten months, to be followed by a

five year supervised release. Movant appealed his conviction. The conviction was affirmed by the Eighth Circuit Court of Appeals, *United States v. Saenz*, 474 F.3d 1132 (8th Cir. 2007).

**Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional

guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Movant raises several ineffective assistance of counsel claims in his Motion.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 2009 WL 764167 *7 (8th Cir. March 25, 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that

the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,296* F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## **Discussion**

Ground One: Movant claims counsel was ineffective because the government used perjured testimony to arrest him and in the affidavit for the search of the home. As Respondent points out, the specific nature of the alleged perjured evidence is unclear, but appears to involve statements attributable to Movant's sister (a co-defendant) that she knew there was a quantity of cocaine hidden in the tail gate compartment of the pickup truck; and/or statements by the agents that the tail gate had a compartment consistent with use to conceal and transport narcotics.

The vehicle in which Movant was occupied was stopped by law enforcement agents. Both Movant and his sister consented to the search of the vehicle. A narcotics dog was used in the search, and it alerted to the tail gate area of the

vehicle.  The agents observed a space in the tail gate area and tool markings that would be consistent with use as a hidden compartment.  Nothing was found in this space, and the agents then searched the spare tire which was underneath the bed and tailgate area.  The search revealed the tire to contain $128,160.00.  When questioned, Movant's sister stated that she had driven to St. Louis in tandem with her brother, knew there was a quantity of cocaine hidden in the tail gate compartment and that the cocaine was unloaded in a garage by her brother and the other co-defendant, Hernandez.  At trial, Hernandez testified that the cocaine was concealed in the spare tire, unloaded and the proceeds were placed in the tire for shipment back to Texas.

     Movant fails to establish that any of these statements were false, thus any claim of ineffective assistance of counsel regarding these statements fails.  Moreover, as Respondent aptly points out, neither of these statements impacted Movant's case.  Movant was arrested prior to these statements being made and his arrest was based on the discovery of the currency hidden in the spare tire.  The trial evidence focused on where the money was located rather than the tailgate cavity.  Likewise, Movant's sister's statement was used in an affidavit for a search warrant for a co-defendant's house, and Movant does not have standing to contest the search.   Ground one is therefore denied.

Ground Two: Neither the Court nor Respondent can discern the basis for Movant's second claim of ineffective assistance of counsel. Movant states that counsel was ineffective ". . .when evidence will show on objection to presentence report stated on Exhibit 1-B page 1" that Defendant suggests to the court, that at most, he should (continues) on Exhibit 1-A. page 1." The referenced exhibit is to objections to the presentence report that counsel did file challenging the amount of drugs attributable to him. All of the objections were addressed by the Court at the time of sentencing and were overruled. Movant does not articulate how he believes counsel to be ineffective with respect to the objections, and the Court can seen no reason for this claim. Ground Two is denied.

Ground Three: Counsel was ineffective for failing to keep him notified of his appeal.

Federal law provides in regard to direct appeal counsel's failure to raise certain issues on appeal, the "'winnowin' of which issues to bring on appeal is a 'hallmark of effective advocacy;' counsel is not required to raise every conceivable issue on appeal." *Garrett v. United States*, 78 F.3d 1296, 1306 (8th Cir.1996). The Eighth Circuit has further stated that "'[l]aw is an art, not a science, and many questions that attorneys must decide are questions of judgment and degree. Among the most difficult are decisions as to what issues to press on appeal.... It is possible

to criticize [an attorney's] choice in hindsight.'" *Id*. (quoting *Simmons v. Lockart*, 915 F.2d 372, 275 (8th Cir.1990)). Indeed, "[s]trategic decisions 'made after thorough investigation of law and facts ... are virtually unchallengeable,' even if that decision later proves unwise." *Battle v. Delo*, 19 F.3d 1547, 1556 (8th Cir.1994) (citation omitted). Counsel was within the appropriate perimeters of his obligation in raising issues on appeal. Notwithstanding counsel's appeal decisions and whether Movant was "involved" in his appeal, Movant fails to advise the Court of any issue which was not raised that should have been raised or any defect in the appeal process. Ground Three is therefore denied.

Ground Four: Movant claims that counsel was ineffective for failing to file a writ of certiorari with the United States Supreme Court. Failure to file a writ of certiorari does not constitute ineffective assistance of counsel. *Wainwright v. Torna* 455 U.S. 586 (1982). Ground Four is denied.

## **Conclusion**

Based upon the foregoing analysis, none of the grounds upon which Movant relies entitles him to relief.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 1st day of May, 2009.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE